IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 3:16-cr-00022 |
| v. | ) | **REPORT & RECOMMENDATION** |
| CHELSEA SCOTT, | ) | |
|     Defendant. | ) | By:   Joel C. Hoppe |
| | ) |         United States Magistrate Judge |

      This case was referred to the undersigned magistrate judge for the purpose of conducting a felony guilty plea hearing. This report and recommendation is submitted to the presiding district judge pursuant to 28 U.S.C. § 636(b)(3). The defendant waived the right to plead before a United States District Judge and consented to proceed before the undersigned magistrate judge.

      On December 15, 2016, the defendant appeared with counsel before the magistrate judge, who personally addressed the defendant in open court and admonished the defendant pursuant to Rule 11(b)(1)(A)–(O) of the Federal Rules of Criminal Procedure. Discussing the district judge's role of determining a sentence, the Court explained to the defendant that the sentencing range under the Sentencing Guidelines, which are not binding, would not be determined until a presentence report is written and a sentencing hearing held, that the district judge had the authority to impose a sentence more or less severe than called for in the guidelines, and that the sentence the defendant receives may be different than any estimate given by her attorney. The Court also admonished the defendant that if the district judge does not accept a recommendation set forth in the plea agreement, the defendant will still be bound by her plea and will have no right to withdraw it. The defendant stated that she understood the Court's admonishments. The attorney for the government stated the essential terms of the plea agreement, which has been filed with the Court, and the defendant and her counsel agreed that those in fact were the terms

1

of the agreement. The defendant further stated that she had read the plea agreement and understood it. Accordingly, the undersigned finds that the defendant understands the charge to which she is pleading guilty and that her plea was knowingly made. Fed. R. Crim. P. 11(b)(1).

The Court also addressed the defendant personally as to her competency to plead and the voluntariness of her plea, specifically whether it resulted from force, threats, or promises other than promises made in a plea agreement or in open court. Fed. R. Crim. P. 11(b)(2). Based on this discussion, the undersigned finds the defendant to be sufficiently competent to enter a plea, that she desired to plead guilty, and that her plea was voluntary.

The government presented a statement of facts, which has been filed with the Court, regarding the offense to which the defendant pleaded guilty. The defendant testified that she read and discussed the statement of facts with her attorney, agreed that the statement of facts was accurate, and did not contest those facts. Having reviewed the statement of facts, I find that a sufficient factual basis exists for the defendant's guilty plea to the charge. Fed. R. Crim. P. 11(b)(3).

The defendant pleaded guilty to the offense of accessory after the fact to Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951, 3, as alleged in Count One of the Superseding Information.

The magistrate judge finds the following:

1. The defendant's guilty plea was taken by the undersigned subject to the acceptance of the plea and sentencing by the assigned district judge and after the defendant consulted with an attorney and executed oral and written waivers;

2. The defendant fully understands the nature of the charge and relevant penalties;

3. The defendant fully understands the terms of the plea agreement;

4. The defendant understands the defendant's constitutional and statutory rights and wishes to waive those rights;

5. The defendant's guilty plea was freely and voluntarily tendered;

6. The defendant is sufficiently competent to enter a guilty plea; and

7. An adequate factual basis exists to support this plea.

### RECOMMENDATION

The magistrate judge RECOMMENDS that the District Judge accept the plea of guilty and, after reviewing the pre-sentence investigation report, accept the plea agreement and enter a final judgment finding the defendant guilty.

### RELEASE OR DETENTION PENDING SENTENCING

After entry of the plea, the undersigned conducted proceedings to determine the defendant's custody status pursuant to the standard set forth in 18 U.S.C. § 3143(a). Based on the following, the undersigned finds that clear and convincing evidence exists that the defendant is not likely to flee or pose a danger to the community if released:

At the defendant's initial appearance, she did not seek release and was detained. On the day the defendant entered her guilty plea, she moved for release, which the Government did not oppose, and the undersigned released her to pretrial supervision.

Accordingly, the undersigned RECOMMENDS that the defendant remain on bond.

### NOTICE TO PARTIES

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or

specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14 day period, the Clerk is directed to transmit the record in this matter to the Honorable Glen E. Conrad, Chief United States District Judge.

The Clerk shall send certified copies of this Report and Recommendation to all counsel of record.

        ENTER: December 15, 2016

*/s/ Joel C. Hoppe*

        Joel C. Hoppe
        United States Magistrate Judge